# ALABAMA SJIS CASE DETAIL

**PREPARED FOR: THOMAS KENDRICK**



County: **33**    Case Number: **CV-2022-900096.00**    Court Action:

Style: **SHERRY K. GARDNER V. WALMART INC.**

**Real Time**

# Exhibit A

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 8/31/2022 | 2:24 PM | FILE | FILED THIS DATE: 08/31/2022           (AV01) | AJA |
| 8/31/2022 | 2:24 PM | EORD | E-ORDER FLAG SET TO "Y"            (AV01) | AJA |
| 8/31/2022 | 2:24 PM | TDMJ | JURY TRIAL REQUESTED            (AV01) | AJA |
| 8/31/2022 | 2:24 PM | ORIG | ORIGIN: INITIAL FILING            (AV01) | AJA |
| 8/31/2022 | 2:24 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE       (AV01) | AJA |
| 8/31/2022 | 2:24 PM | ASSJ | ASSIGNED TO JUDGE: BRIAN P HAMILTON      (AV01) | AJA |
| 8/31/2022 | 2:24 PM | SCAN | CASE SCANNED STATUS SET TO: N       (AV01) | AJA |
| 8/31/2022 | 2:24 PM | C001 | C001 PARTY ADDED: GARDNER SHERRY K.     (AV02) | AJA |
| 8/31/2022 | 2:24 PM | C001 | INDIGENT FLAG SET TO: N           (AV02) | AJA |
| 8/31/2022 | 2:24 PM | C001 | C001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 8/31/2022 | 2:24 PM | C001 | LISTED AS ATTORNEY FOR C001: ALVIS KENNETH RICK | AJA |
| 8/31/2022 | 2:24 PM | D001 | D001 PARTY ADDED: WALMART INC.       (AV02) | AJA |
| 8/31/2022 | 2:24 PM | D001 | INDIGENT FLAG SET TO: N           (AV02) | AJA |
| 8/31/2022 | 2:24 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE     (AV02) | AJA |
| 8/31/2022 | 2:24 PM | D001 | CERTIFIED MAI ISSUED: 08/31/2022 TO D001   (AV02) | AJA |
| 8/31/2022 | 2:24 PM | D001 | D001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 8/31/2022 | 2:24 PM | ECOMP | COMPLAINT E-FILED. | ALV001 |
| 9/2/2022 | 11:59 AM | ESCAN | SCAN - FILED 9/2/2022 - CERTIFIED MAIL | MMC |
| 9/21/2022 | 12:48 PM | D001 | SERVICE OF CERTIFIED MAI ON 09/12/2022 FOR D001 | JUJ |
| 9/21/2022 | 12:48 PM | ESERC | SERVICE RETURN | JUJ |

 **END OF THE REPORT**

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: THOMAS KENDRICK**

County: **33**  Case Number: **CV-2022-900096.00**  Court Action:

Style: **SHERRY K. GARDNER V. WALMART INC.**

Real Time

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 8/31/2022 | 2:24 PM | FILE | FILED THIS DATE: 08/31/2022 (AV01) | AJA |
| 8/31/2022 | 2:24 PM | EORD | E-ORDER FLAG SET TO "Y" (AV01) | AJA |
| 8/31/2022 | 2:24 PM | TDMJ | JURY TRIAL REQUESTED (AV01) | AJA |
| 8/31/2022 | 2:24 PM | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 8/31/2022 | 2:24 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 8/31/2022 | 2:24 PM | ASSJ | ASSIGNED TO JUDGE: BRIAN P HAMILTON (AV01) | AJA |
| 8/31/2022 | 2:24 PM | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 8/31/2022 | 2:24 PM | C001 | C001 PARTY ADDED: GARDNER SHERRY K. (AV02) | AJA |
| 8/31/2022 | 2:24 PM | C001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 8/31/2022 | 2:24 PM | C001 | C001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 8/31/2022 | 2:24 PM | C001 | LISTED AS ATTORNEY FOR C001: ALVIS KENNETH RICK | AJA |
| 8/31/2022 | 2:24 PM | D001 | D001 PARTY ADDED: WALMART INC. (AV02) | AJA |
| 8/31/2022 | 2:24 PM | D001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 8/31/2022 | 2:24 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 8/31/2022 | 2:24 PM | D001 | CERTIFIED MAI ISSUED: 08/31/2022 TO D001 (AV02) | AJA |
| 8/31/2022 | 2:24 PM | D001 | D001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 8/31/2022 | 2:24 PM | ECOMP | COMPLAINT E-FILED. | ALV001 |
| 9/2/2022 | 11:59 AM | ESCAN | SCAN - FILED 9/2/2022 - CERTIFIED MAIL | MMC |
| 9/21/2022 | 12:48 PM | D001 | SERVICE OF CERTIFIED MAI ON 09/12/2022 FOR D001 | JUJ |
| 9/21/2022 | 12:48 PM | ESERC | SERVICE RETURN | JUJ |

 **END OF THE REPORT**

ELECTRONICALLY FILED
8/31/2022 2:24 PM
33-CV-2022-900096.00
CIRCUIT COURT OF
FRANKLIN COUNTY, ALABAMA
ANITA SCOTT, CLERK

# IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

| | |
|---|---|
| **SHERRY K. GARDNER,** ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| v. ) | CASE NO.: _____ |
| ) | |
| **WALMART INC.; FICTITIOUS** ) | **JURY DEMAND** |
| **DEFENDANTS A, B, C,** intending to refer to that ) | |
| person, firm, corporation or other legal entity ) | |
| commonly known as and d/b/a Walmart Inc.; ) | |
| **FICTITIOUS DEFENDANTS D, E, F,** intending ) | |
| to refer to that person, firm, corporation or other ) | |
| legal entity, whether singular or plural, who owned ) | |
| and/or operated Walmart Inc ) | |
| on the date of the occurrence made the basis of ) | |
| this suit; **FICTITIOUS DEFENDANTS G, H, I,** ) | |
| intending to refer to that person, firm, corporation ) | |
| or other legal entity, whether singular or plural, ) | |
| vicariously liable for acts and/or omissions of the ) | |
| employees of Walmart Inc; **FICTITIOUS** ) | |
| **DEFENDANTS J, K, L,** intending to refer to that ) | |
| person, firm, corporation or other legal entity, ) | |
| whether singular or plural, legally responsible for ) | |
| the wrongs complained of in this complaint, ) | |
| including the employees, whose negligence, ) | |
| wantonness or other wrongful conduct contributed ) | |
| to cause the occurrence made the basis of ) | |
| Plaintiff's complaint; ) | |
| ) | |
| Defendant(s). ) | |

## COMPLAINT

1.      Plaintiff Sherry K. Gardner, (hereinafter referred to as "Sherry Gardner" or "Plaintiff") is over the age of nineteen (19) years and is a resident of Franklin County, Alabama.

2.      Defendant Walmart Inc., (hereinafter referred to as "Walmart" or "Defendant") is a foreign corporation operating in Franklin County, Alabama. At all times relevant herein, Walmart acted through its employees, agents, officers, and proprietors.

1

3. Fictitious Defendants A, B, C, intending to refer to that person, firm, corporation or other legal entity commonly known as Walmart.

4. Fictitious Defendants D, E, F, intending to refer to that person, firm, corporation or other legal entity, whether singular or plural, who owned and/or operated Walmart on the date of the occurrence made the basis of this suit;

5. Fictitious Defendants G, H, I, intending to refer to that person, firm, corporation or other legal entity, whether singular or plural, vicariously liable for acts and/or omissions of the employees of Walmart;

6. Fictitious Defendants J, K, L, intending to refer to that person, firm, corporation or other legal entity, whether singular or plural, legally responsible for the wrongs complained of in this complaint, including the staff and/or employees, whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's complaint.

7. Plaintiff avers that the above-mentioned fictitious defendants, all of whose true and correct names are unknown to Plaintiff at this time, will be substituted by amendment when ascertained, pursuant to Alabama law.

## FACTUAL ALLEGATIONS

8. On or about September 4, 2020, Plaintiff Sherry Gardner was a customer shopping at Walmart, located at 13675 Hwy 43, Russellville, AL 35653. As Plaintiff was walking towards the entrance of Walmart, barricades were set up near the entrance and as she was walking past the barricades to enter into the Walmart shopping center, she tripped over a part of the barricade that was sticking out into the walkway. Plaintiff tripped and fell. Plaintiff did not see the part of the barricade that was sticking out prior to her fall. Defendants created a dangerous condition and

2

allowed or permitted it to exist by failing to warn verbally or by signage indicating that the barricade piece was pertruding into the walkway.

9. Defendant, Walmart, is vicariously responsible for the actions of its employees. As well, this Defendant failed to train its employees on the measures they should have taken to address tripping hazards, specifically barricade pieces, in a high traffic area. These include measures to warn either verbally or by signage of a dangerous condition to people walking through the vicinity in which Plaintiff fell.

10. Due to the location of the barricade piece, and failure to warn either verbally and/or by signage, Plaintiff fell.

11. As a result of the fall, Plaintiff was severely injured because of the Defendants' negligence and/or wantonness.

## COUNT ONE - NEGLIGENCE

12. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

13. On or about April 14, 2020, Defendants Walmart, by and through their employees of Walmart, while working in the line and scope of their employment, and fictitious Defendants A-L, negligently caused or allowed a dangerous condition to exist, by leaving metal piping on the ground in the path customers walk, and without warning to Plaintiff that the dangerous condition existed and had existed for some time, i.e., no warning, or other signage indicating the placement of the metal piping. As a result of Defendants' negligence in allowing the dangerous condition to exist, Plaintiff was caused to trip and fall, from which she could not be removed without assistance from first responders, and sustained injury. Defendants had actual notice that the dangerous condition existed and failed to remedy the same resulting in Plaintiff's injuries.

14. More specifically, Defendants breached their lawful duty owed to the Plaintiff in

failing to exercise reasonable care in providing a safe environment, which resulted in the aforesaid injury to the Plaintiff. In addition, Defendants failed to remedy the dangerous condition which existed on the premises by failing to warn or otherwise protect the Plaintiff of the danger.

At all times relevant to the incident described herein, the employee or employees responsible for keeping the pathways clear where Plaintiff fell were working in the line and scope of their employment for Walmart and renders it vicariously liable for their negligence, under the doctrine of *respondeat superior*.

15. As a proximate consequence of the Defendants' negligence the Plaintiff was caused to suffer severe bodily harm, incurred medical expenses, suffered mental anguish and emotional distress, and was otherwise permanently injured and damaged.

WHEREFORE, as a direct and proximate result of such negligence, Plaintiff asserts a claim for judgment against the Defendants, for compensatory damages in an amount determined by a jury to adequately compensate her for her injuries and damages, plus costs and other relief to which Plaintiff is entitled by law.

## COUNT TWO – WANTONNESS

16. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

17. On or about September 4, 2020, Defendants Walmart, by and through their employees of Walmart, while working in the line and scope of their employment, and fictitious Defendants A-L, wantonly caused or allowed a dangerous condition to exist, by leaving barricade parts on the ground in the path customers walk, and without warning to Plaintiff that the dangerous condition existed and had existed for some time, i.e., no warning, or other signage indicating the placement of the barricade piece that was sticking out. As a result of Defendants' wantonness in allowing the dangerous condition to exist, Plaintiff was caused to trip and fall, from which she

4

could not be removed without assistance from first responders, and sustained injury. Defendants had actual notice that the dangerous condition existed and failed to remedy the same resulting in Plaintiff's injuries.

18. At all times relevant to the incident described herein, the employee or employees keeping the pathways clear where Plaintiff fell were at all times working in the line and scope of their employment for Walmart, and renders it vicariously liable for their wanton conduct, under the doctrine of *respondeat superior*.

19. More specifically, Defendants wantonly breached their lawful duty owed to the Plaintiff in failing to exercise reasonable care in providing a safe environment, which resulted in the aforesaid injury to the Plaintiff. In addition, Defendant's failed to remedy the dangerous condition which existed on the premises by failing to warn or otherwise protect the Plaintiff of the danger.

20. As a proximate consequence of the Defendants' negligence the Plaintiff was caused to suffer severe bodily harm, incurred medical expenses, suffered mental anguish and emotional distress, and was otherwise permanently injured and damaged.

WHEREFORE, as a direct and proximate result of such wantonness, Plaintiff asserts a claim for damages against the Defendants and all fictitious party Defendants in an amount to be determined by the trier of fact, plus costs and other relief to which the Plaintiff is entitled.

## COUNT THREE

21. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

22. Fictitious Defendants A-L are also liable under the foregoing counts and theories.

22. Fictitious Defendants A, B, C, intending to refer to that person, firm, corporation or other legal entity commonly known as Walmart;

5

23.     Fictitious Defendants D, E, F, intending to refer to that person, firm, corporation or other legal entity, whether singular or plural, who owned and/or operated Walmart on the date of the occurrence made the basis of this suit;

24.     Fictitious Defendants G, H, I, intending to refer to that person, firm, corporation or other legal entity, whether singular or plural, vicariously liable for acts and/or omissions of the employees of Walmart;

25.     Fictitious Defendants J, K, L, intending to refer to that person, firm, corporation or other legal entity, whether singular or plural, legally responsible for the wrongs complained of in this complaint, including the staff, and/or employees, whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's complaint.

26.     As a proximate consequence of the negligence and/or wantonness, of Fictitious Defendants A through L, Plaintiff was injured and damaged as alleged in the foregoing paragraphs above.

WHEREFORE, as a direct and proximate result of such negligence and/or wantonness, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against the Defendants and all fictitious party Defendants in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law.

Respectfully submitted,

/s/ *K. Rick Alvis*
K. Rick Alvis (ALV001)

**Of Counsel:**
K. Rick Alvis, Esq.
**Holt, Mussleman, Morgan & Alvis**
216 W. Dr. Hicks Blvd.
Florence, AL 35630-6135
256-766-0503 Main
256-766-7690 Fax
Email: rick@alvislaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury on all issues of this cause.

/s/ *K. Rick Alvis*
K. Rick Alvis (ALV001)

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Walmart Inc.
C/O Registered Agent: C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

**Certified Mail Fee**
$

**Extra Services & Fees** (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy)           $ _____
- ☐ Return Receipt (electronic)         $ _____
- ☐ Certified Mail Restricted Delivery  $ _____
- ☐ Adult Signature Required            $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postmark Here

**Postage**
$

**Total Postage and Fees**
$ 8.30

**Sent To** Walmart Inc.
**Street and Apt. No., or PO Box No.** 2h Jackson St Ste 605
**City, State, ZIP+4** Montgomery AL 36104

7020 0640 0001 9496 8608 9617

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Tiffany Ford* ☒ Agent ☐ Addressee

B. Received by (Printed Name): TIFFANY FORD
C. Date of Delivery:

1. Article Addressed to:

WalMart Inc
2 N Jackson St Ste 605
Montgomery AL 36104

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

9590 9402 7484 2055 4988 68

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7020 0640 0001 9608 9617

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

**USPS TRACKING #**

9590 9402 7484 2055 4988 68

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box*

Franklin County Circuit Clerk
PO Box 160
Russellville AL 35653

